IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY GRIFFIN,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **PHILADELPHIA FEDERAL CREDIT UNION,** | : | |
| *Defendant,* | : | No. 24-909 |
| | : | |

## MEMORANDUM

**KENNEY, J.**                                                                    **JULY 11, 2024**

In his Complaint (ECF No. 1), pro se Plaintiff Gregory Griffin asserts eleven counts against Defendant Philadelphia Federal Credit Union. Nine are for purported violations under federal statutes, including, among others, peonage, enticement into slavery, sale into involuntary servitude, and forced labor. ECF No. 1 at 6–11. The remaining two, breach of contract and breach of fiduciary duty, are state law claims.[1] *Id.* at 4–6.

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint in its entirety (ECF No. 6). For the reasons set forth below, the Court will grant Defendant's Motion. All of Plaintiff's federal law claims (Counts III to XI) will be dismissed with prejudice; the state law claims will be dismissed without prejudice to be filed in state court. An appropriate Order will follow.

---

[1] Plaintiff does not specify which state law applies in the Complaint. In its Motion, Defendant contends that Pennsylvania state law applies, and Plaintiff did not file a response. For purposes of any relevant analysis, *see infra* n.3, the Court will assume without deciding that Pennsylvania law applies.

I.  **BACKGROUND**

On February 17, 2021, Plaintiff Gregory Griffin applied for a Home Equity Line of Credit ("HELOC") with Defendant for $87,000.00 for real property located at 7215 Guilford Road, Upper Darby Township, Delaware County, PA 19082.  ECF No. 1 ¶¶ 6, 10; ECF No. 6-1 at 4; ECF No. 6-2 at 7–9.[2]  The HELOC note was made, executed, and delivered on March 16, 2021.  ECF No. 1 ¶ 11; ECF No. 6-4 ¶ 6.  Instead of making payments on the loan, Plaintiff claimed that the loan was invalid, and also attempted to transfer the loan to his son.  ECF No. 1 ¶¶ 12, 37–38, 43; ECF No. 6-1 at 4, ECF No. 6-3 at 2–10.  Plaintiff then defaulted on the loan.  ECF No. 6-1 at 4.

On February 28, 2024, Plaintiff filed a Complaint seeking disclosure of all loans, a full release interest and liens on the property, a full refund of each individual payment made on the accounts using Federal Reserve notes, $100,000,000 in Federal Reserve notes, and an optional, revolving line of credit with no credit limit.  ECF No. 1 ¶¶ 121–25.  In total, Plaintiff names eleven counts against Defendant: Breach of Contract (Count I), Breach of Fiduciary Duties (Count II), Civil Money – Federal Reserve Act (Count III), "Laundering of Monetary Inctruments [sic]" (Count IV), "Transportation of Stolen Securitites [sic]" (Count V), "Securitites [sic] and

---

[2] Consistent with the appropriate motion to dismiss legal standard, the Court accepts Plaintiff's allegations as true and construes the Complaint in the light most favorable to Plaintiff.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (explaining that on a motion to dismiss, courts must "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief").  However, because Plaintiff's factual allegations are difficult to discern and his Complaint is riddled with pseudo-legal verbiage, the Court also provides citations to Defendant's Response to orient the reader and provide relevant context.  *See, e.g.*, ECF No. 1 ¶¶ 57, 58 (stating that Defendant has "an obligation and desire to ensure that UCC Article 3 is properly followed" and that Defendant has "an obligation and desire to endure [sic] the Emergency Banking Act of 1933 is followed"), ¶ 102 (claiming that "Gregory Griffin was forced to serve in a slavery position due to complete fraud regarding the indorsement [sic] of the original instruments").

Commodities Fraud" (Count VI), Peonage (Count VII), Enticement into Slavery (Count VIII), Sale into Involuntary Servitude (Count IX), Forced Labor (Count X), and "Benefiting Financially from Peonage, Slavery, and Trafficking [sic] in Persons" (Count XI). *Id.* at 4–11.

On April 9, 2024, Defendant filed the instant Motion to Dismiss (ECF No. 6). Plaintiff did not file a response.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (internal quotation marks and citation omitted). A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*., 556 U.S. 662, 678 (2009). Additionally, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

When a plaintiff is proceeding without an attorney, his pleading must be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and courts are obliged to "liberally construe" his pleadings, *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011). However, "pro se litigants still must allege sufficient facts

in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (explaining that *pro se* litigants must abide by the same rules that apply to all other litigants).

## III. **DISCUSSION**

### A. **Violation of the Federal Reserve Act Claim (12 U.S.C. § 504)**

In Count Three of his Complaint, Plaintiff attempts to assert a claim for "Civil Money" under the Federal Reserve Act, 12 U.S.C. § 504. ECF No. 1 ¶¶ 68–70. Defendant contends that Plaintiff's claim must fail because the Federal Reserve Act does not provide for a private right of action. ECF No. 6-1 at 7. This Court agrees.

Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, imposes penalties on banks for violating certain other provisions of Title 12 of the United States Code or related regulations.[3] However, the imposition of civil penalties under 12 U.S.C. § 504 is carried out by federal officials, and private individuals do not have a private right of action to enforce 12 U.S.C. § 504. *See Benz-Puente v. Truist Fin.*, No. 23-cv-2682, 2023 WL 4763998, at *2 (E.D. Pa. July 26, 2023) (compiling cases supporting finding that 12 U.S.C. § 504 "does not create a private right of action"). Accordingly, Plaintiff's request for relief under the Federal Reserve Act will be dismissed with prejudice. Any further amendment of this claim would be futile, given that there is simply no private right of action under this statute. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d

---

[3] 12 U.S.C. § 504(a) provides that "[a]ny member bank which, and any institution-affiliated party (within the meaning of section 1813(u) of this title) with respect to such member bank who, violates any provision of section 371c, 371c-1, 375, 375a, 375b, 376, or 503 of this title, or any regulation issued pursuant thereto, shall forfeit and pay a civil penalty of not more than $5,000 for each day during which such violation continues." Subsequent sections provide for enhanced penalties if the violation is of a more serious nature. *See* 12 U.S.C. §§ 504(b)-(e).

Cir. 2000) (explaining that amendment of a claim is futile when even an amended complaint "would fail to state a claim upon which relief could be granted" (citation omitted)).

### B. Violations of 18 U.S.C. §§ 1348, 1581, 1583, 1584, 1589, 1593A, 1956, 2314[4]

Plaintiff also seeks to assert claims under a number of criminal statutory provisions. *See* ECF No. 1 ¶¶ 71–120 (naming counts under 18 U.S.C. §§ 1348, 1581, 1583, 1584, 1589, 1593A, 1956, 2314). Nothing in these statutes, or case law interpreting them, indicates that these statutes give rise to a private right of action.[5] To the extent Plaintiff is asking that the Defendant be charged with crimes under these statutes, those claims are not plausible. *Cf. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (citations omitted)); *see Mathis v. Phila. Elec. Co.*, No. CV 14-2234, 2015 WL 12914149, at *4 (E.D. Pa. July 31, 2015) ("Violations of federal criminal statutes

---

[4] Title 18 of the United States Code is the criminal code. Plaintiff's claims under these statutes are as follows: Securities and Commodities Fraud under 18 U.S.C. § 1348; Peonage under 18 U.S.C. § 1581; Enticement into Slavery under 18 U.S.C. § 1583; Sale into Involuntary Servitude under 18 U.S.C. § 1584; Forced Labor under 18 U.S.C. § 1589; Benefitting Financially from Peonage, Slavery, and Trafficking in Persons under U.S.C. § 1593A; Laundering of Monetary Instruments under 18 U.S.C. § 1956; and Transportation of Stolen Securities under 18 U.S.C. § 2314.

[5] *See Barringer v. Ohio*, No. 3:23 CV 1530, 2023 WL 8436427, at *2 (N.D. Ohio Dec. 5, 2023) (indicating that there is no private right of action for civil plaintiffs under 18 U.S.C. § 1348); *Dolla v. Unicast Co.*, 930 F. Supp. 202, 205 (E.D. Pa. 1996) (same for 18 U.S.C. § 1581); *Hemsley v. Hawk*, No. CV 23-00195 JAO-WRP, 2023 WL 6378180, at *4 (D. Haw. Sept. 29, 2023) (cleaned up) (same for 18 U.S.C. § 1583); *Jones v. Barr*, No. 220CV02753MSNCGC, 2021 WL 2311418, at *4 (W.D. Tenn. June 7, 2021) (same for 18 U.S.C. § 1584); *Stein v. World-Wide Plumbing Supply Inc.*, 71 F. Supp. 3d 320, 329 (E.D.N.Y. 2014) (same for 18 U.S.C. § 1593A); *Crawford v. Adair*, No. 3:08CV281, 2008 WL 2952488, at *2 (E.D. Va. July 29, 2008) (same for 18 U.S.C. § 2314); *Diaz v. Perez*, No. CV 16-11860-RGS, 2016 WL 6871233, at *6 (D. Mass. Nov. 21, 2016) (noting that 18 U.S.C. § 1956 is a criminal statute that cannot be enforced by way of a private civil suit); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, No. 18-747 (E.D. Pa.), Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous").

that do not provide a private right of action—like the statutes Plaintiff invokes—must be prosecuted by the federal government."), *aff'd*, 644 F. App'x 113 (3d Cir. 2016).  Accordingly, these claims in Plaintiff's Complaint will be dismissed.

Like Plaintiff's claim under the Federal Reserve Act, the Court will dismiss these claims with prejudice because any further amendment of these claims would be futile.  As a private citizen, Plaintiff cannot charge Defendant with crimes under these statutes; therefore, any amendment could not, as a matter of law, cure the Complaint's deficiencies as to these claims.  *See Winston v. Riel*, No. 1:09-CV-223-SJM, 2010 WL 3505126, at *6 (W.D. Pa. Sept. 3, 2010) ("To the extent that Plaintiff seeks to assert claims under federal criminal statutes, those claims are futile and must be dismissed as a matter of law, inasmuch as there is no private right of action under the federal criminal statutes.").

### C. Breach of Contract and Breach of Fiduciary Duty Claims

Given the above dismissals, Plaintiff only has two remaining claims:  breach of contract and breach of fiduciary duty.  The Court lacks federal subject matter jurisdiction over either and will decline to grant supplemental jurisdiction for the reasons discussed below.

#### 1. Subject Matter Jurisdiction

Federal courts may only hear cases over which they have subject matter jurisdiction.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  There are only two forms of subject matter jurisdiction: "federal question jurisdiction" and "diversity jurisdiction."  *See Trinh v. Off. of Recs. City of Phila.*, 779 F. App'x 118, 119 (3d Cir. 2019).  Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Diversity jurisdiction exists where a civil action has a "matter in controversy [that] exceeds the sum or value of $75,000, exclusive of costs, and is between . . .

citizens of different States." 28 U.S.C. § 1332(a).  The burden of establishing subject matter jurisdiction rests with the party asserting its existence—or here, Plaintiff.  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  As subject matter jurisdiction is necessary to proceed, a court can raise issues with its subject matter jurisdiction *sua sponte*. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

Here, the Court lacks subject matter jurisdiction over Plaintiff's only two remaining claims for breach of contract and breach of fiduciary duty.  The Court does not have federal question jurisdiction over these claims, as nothing in the Complaint (ECF No. 1) suggests that they arise under the Constitution, laws, or treaties of the United States.  Nor does the Court have diversity jurisdiction over these claims.  Although Plaintiff alleges that the amount in controversy in this case exceeds $75,000, the Complaint indicates that both Plaintiff and Defendant are citizens of Pennsylvania.  ECF No. 1 ¶¶ 5–7.

### 2. Supplemental Jurisdiction

Ordinarily, if the court determines at any time that it lacks subject-matter jurisdiction, then it must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  However, when a district court dismisses all claims over which it has original jurisdiction, the Court may—but need not—exercise supplemental jurisdiction over any remaining state law claims.  28 U.S.C. § 1367(c)(3).  The Court's decision to exercise supplemental jurisdiction is within its discretion.  *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).  However, that discretion is not "unbridled," *id.*; it should be based on "the values of judicial economy, convenience, fairness, and comity," *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

"The retention of jurisdiction of the claim[s] based on state law may be sustained as proper only if the federal question was substantial." *Elberti v. Kunsman*, 376 F.2d 567, 568 (3d Cir. 1967)

(remanding to district court "with a direction that [the action] be dismissed" where district court dismissed federal question claims but exercised supplemental jurisdiction over state law claims, as the federal claims were "unsubstantial and frivolous").  To be sufficiently "substantial," the federal question must be non-frivolous.  *See Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974); *see also Berry v. Cadence Indus. Corp.*, 552 F. Supp. 1284, 1291 (E.D. Pa. 1982) (explaining that "the district court has discretion to exercise or decline pendent jurisdiction" when "a plaintiff asserts a sufficiently substantial, non-frivolous federal question, so as to vest the district court with subject matter jurisdiction" (citations omitted)), *aff'd sub nom. Est. of Berry v. Cadence Indus. Corp.*, 720 F.2d 659 (3d Cir. 1983).

Here, having dismissed all of Plaintiff's federal question claims and having concluded that the Court does not have independent subject matter jurisdiction over Plaintiff's breach of contract and breach of fiduciary duty claims, the Court must consider whether to retain jurisdiction over the breach of contract and breach of fiduciary duty claims through its discretionary powers of supplemental jurisdiction.  Upon examination of Plaintiff's Complaint, the Court is convinced that the federal question claims are unsubstantial and frivolous.[6]  Thus, retention of the breach of

---

[6] Although Plaintiff's breach of contract and breach of fiduciary duty claims will be dismissed on jurisdictional grounds for the reasons described above, Plaintiff has also failed to state a claim for either under Federal Rule of Civil Procedure 12(b)(6).

To state a claim for breach of contract under Pennsylvania law, a plaintiff must allege three things: (1) the existence of a contract, including its essential terms, (2) a breach of the contract, and (3) resultant damages.  *CoreStates Bank, N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).  Plaintiff does not allege any facts stating the terms of any contract between himself and Defendant, any breach of those terms by Defendant, or any damages that flow from that breach.

Nor has Plaintiff stated a claim for breach of fiduciary duty.  Under Pennsylvania law, commercial lenders, like Defendant, do not have a fiduciary responsibility to their borrowers.  *See Morgan v. Bank of Am., N.A.*, No. CV 18-3671, 2019 WL 1332179, at *4 (E.D. Pa. Mar. 25, 2019) (citing *Fed. Land Bank of Balt. v. Fetner*, 410 A.2d 344, 348 (Pa. Super. Ct. 1979); *Buczek v. First Nat'l*

8

contract and breach of fiduciary claims would be improper. Accordingly, without subject matter jurisdiction or any reason to exercise its discretionary power of supplemental jurisdiction, the Court will dismiss without prejudice the breach of contract claim and breach of fiduciary duty claim. *See Kach*, 589 F.3d at 650 ("If a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits." (citation omitted)).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. Plaintiff's claims under the Federal Reserve Act (Count III) and claims under 18 U.S.C. §§ 1348, 1581, 1583, 1584, 1589, 1593A, 1956, 2314 (Counts IV through XI) will be dismissed with prejudice because they are implausible as a matter of law, and any amendment would therefore be futile. Plaintiff's claims for breach of contract (Count I) and breach of fiduciary duty (Count II) will be dismissed without prejudice. An appropriate Order will follow.

                                                           **BY THE COURT:**

                                                           /s/ Chad F. Kenney
                                                           _____
                                                           **CHAD F. KENNEY, JUDGE**

---

*Bank*, 531 A.2d 1122, 1124 (Pa. Super. Ct. 1987)). And although "[t]here are exceptions to the general rule that lenders are not fiduciaries, such as when a lender gets involved in the borrower's day-to-day management and operations or had the ability to compel the borrower to engage in unusual transactions, . . . such facts are not alleged here." *See id.* (citations omitted). Accordingly, Plaintiff has failed to state a claim for breach of fiduciary duty.